NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DALE MASSIMO,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>Defendant-Appellee. | No.  19-16663<br><br>D.C. No. 2:18-cv-00086-DMC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Dennis M. Cota, Magistrate Judge, Presiding

Submitted June 12, 2020[**]
San Francisco, California

Before: TASHIMA, HUNSAKER, Circuit Judges, and SELNA, Senior District Judge[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable James V. Selna, senior district judge for the United States District Court for the Central District of California, sitting by designation.

Dale Massimo appeals the district court's affirmance of the Commissioner of Social Security's denial of her application for disability insurance benefits under Title II and supplemental security income under Title XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

Massimo's argument that the ALJ failed to properly apply the special technique for evaluating mental impairments is waived because it is a cursory argument without substantive analysis. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994). Even if we did not deem this argument waived, the ALJ properly applied the special technique and made the required documented findings and conclusions. *See Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 725 (9th Cir. 2011). The ALJ considered each of the four functional limitation categories and concluded that Massimo had "mild" restrictions in her activities of daily living, "moderate" difficulties in social functioning and concentration, persistence, and pace, and no episodes of decompensation. The ALJ supported each finding with multiple examples from and citations to the record.

The ALJ did not make an "independent finding as to mental illness." It is unclear what Massimo considers to be the ALJ's "independent finding" regarding her mental illness. To the extent her argument rests on the ALJ's evaluation of the

medical evidence, it is the ALJ's role to evaluate all the medical evidence in the record and make a final determination as to a claimant's disability. *See* 20 C.F.R. § 404.1527(d)(2).

The ALJ properly evaluated the medical opinion evidence and provided specific and legitimate reasons supported by substantial evidence to give partial weight to the opinion of consultative psychologist Dr. Patricia McVey. *See Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017). The ALJ accounted for Massimo's reported difficulty with public interaction and limitation to simple, repetitive tasks, but discounted Dr. McVey's conclusions that Massimo would be significantly impaired in her ability to handle workplace stress. The ALJ provided specific and legitimate reasons for affording partial weight to Dr. McVey's opinion: Dr. McVey did not have access to the longitudinal record, including medical records from 2015 and 2016 which showed normal mental status exams. In fact, records from those dates showed that Massimo was doing well on her psychiatric medications, which is consistent with Dr. McVey's prognosis that Massimo could improve if she complied with a stable and consistent course of psychiatric treatment. The ALJ therefore did not err in affording partial weight to Dr. McVey's opinion.

Because Massimo's argument regarding the ALJ's adverse credibility finding is cursory and identifies no error in the ALJ's reasoning, we deem it waived. *See Greenwood*, 28 F.3d at 977.

Massimo's argument regarding the ALJ's assessed residual functional capacity ("RFC") is without merit. The ALJ properly concluded that Massimo had past relevant work, but she was unable to perform it because the ALJ assessed her RFC to restrict her to simple, non-public tasks. Finding that a claimant can no longer perform past relevant work is not the same as finding that a claimant has no past relevant work. Because the ALJ found that Massimo had past relevant work, the Medical-Vocational Guideline ("grid") on which Massimo relies on appeal does not apply. Massimo had semiskilled past relevant work, and could perform medium work, so the applicable grid rule compels a finding of non-disability, rather than the grid rule she cites, which applies only to individuals limited to sedentary work with no previous work experience. *Compare* 20 C.F.R. pt. 404, subpt. P, app. 2, Rule 203.12 (directing a finding of not disabled for a claimant limited to medium work who is of advanced age and has limited education and prior semiskilled work experience or nontransferable skills) *with id.* Rule 201.1 (directing a finding of disabled for a claimant limited to sedentary work who is closely approaching advanced age and has limited education and unskilled or no previous work experience). Because the ALJ properly found Massimo had past relevant work according to the record and to Massimo's own testimony, the ALJ did not err by failing to apply the proper grid rule.

Nor did the ALJ err by determining that Massimo could perform medium work simply because her past work was light and sedentary. A claimant's RFC is the most work a claimant can perform despite her impairments, *see* 20 C.F.R. § 404.1545(a)(1), regardless of what her past work may have been. Massimo testified that she had been a cashier at a cafeteria and a clerical worker. The ALJ properly assessed Massimo's RFC according to the most work Massimo was able to perform, even if she could not perform her particular past relevant work because it was not simple, repetitive, and non-public.

**AFFIRMED.**